```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone:  (916) 554-2723

 5  Attorney for Plaintiff

 6

 7

 8                IN THE UNITED STATES DISTRICT COURT

 9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   2:06-CV-02783-FCD-KJM
                                     )
12           Plaintiff,              )   PARTIAL FINAL JUDGMENT OF
                                     )   FORFEITURE (AS TO SOME BUT
13       v.                          )   NOT ALL DEFENDANT ASSETS)
                                     )
14  APPROXIMATELY $239,833.28 IN U.S.)
    CURRENCY SEIZED FROM BANK OF     )
15  AMERICA ACCOUNT NO. 0046 8999 2535,)
    HELD IN THE NAME OF DA BOMB      )
16  PRODUCTS, INC.,                  )
                                     )
17  APPROXIMATELY $1,636.23 IN U.S.  )
    CURRENCY SEIZED FROM WASHINGTON  )
18  MUTUAL ACCOUNT NO. 383 110 239-2,)
    HELD IN THE NAME OF ELAINE ALRAHIB,)
19                                   )
    APPROXIMATELY $331,462.16 IN U.S.)
20  CURRENCY SEIZED FROM WASHINGTON  )
    MUTUAL ACCOUNT NO. 0355-697509-0,)
21  HELD IN THE NAME OF ELAINE ALRAHIB,)
                                     )
22  APPROXIMATELY $25,000.00 IN U.S. )
    CURRENCY,                        )
23                                   )
    APPROXIMATELY $8,650.00 IN U.S.  )
24  CURRENCY,                        )
                                     )
25  APPROXIMATELY $160.00 IN U.S.    )
    CURRENCY,                        )
26                                   )
    APPROXIMATELY $5,468.00 IN U.S.  )
27  CURRENCY SEIZED FROM SAFE DEPOSIT)

28                                   1
```

```
 1  BOX #177-7,                              )
                                             )
 2  APPROXIMATELY $47,970.00 IN U.S.         )
    CURRENCY SEIZED FROM SAFE DEPOSIT        )
 3  BOX #3918,                               )
                                             )
 4  2003 HUMMER H2, VIN:                     )
    5GRGN23U13H131954, ARIZONA LICENSE       )
 5  NO. DABOMB1, REGISTERED TO DA BOMB       )
    PRODUCTS,                                )
 6                                           )
    2005 HUMMER H2, VIN:                     )
 7  5GRGN23U95H132420, ARIZONA LICENSE       )
    NO. DABOMB4, REGISTERED TO ELAINE        )
 8  ALRAHIB,                                 )
                                             )
 9  2005 FORD EXPEDITION, VIN:               )
    1FMFU17585LB07160, ARIZONA LICENSE       )
10  NO. DABOMB5, REGISTERED TO ELAINE        )
    ALRAHIB,                                 )
11                                           )
    2000 HUMMER GOLF CART,                   )
12                                           )
    2001 CLUB GOLF CART, VIN:                )
13  MG0131044769, ARIZONA LICENSE            )
    NO. MCTN9Y,                              )
14                                           )
    2003 CARGO TRAILER, VIN:                 )
15  1E9BE243X6C350043, LICENSE NO.           )
    R54007, AND                              )
16                                           )
    MISCELLANEOUS DA BOMB BRAND              )
17  BLUNT WRAPS,                             )
                                             )
18           Defendants.                     )
                                             )
```

19

20    Pursuant to the Stipulation for Final Judgment of Forfeiture,
21 the Court finds:
22    1.  This is a civil forfeiture action against the above-
23 captioned assets seized on October 17, 2006, by the Bureau of
24 Alcohol, Tobacco, Firearms, and Explosives.
25    2.  A Complaint for Forfeiture <u>In</u> <u>Rem</u> (hereafter "Complaint")
26 was filed on or about December 8, 2006, seeking the forfeiture of
27 the defendant assets, alleging that said assets are subject to

28

forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

3. On or about December 8, 2006, the Clerk issued a Warrant for Arrest of Articles <u>In Rem</u> for the defendant assets, and that warrant was duly executed on December 22 and 26, 2006, and January 3 and 4, 2007.

4. On or about December 18, 2006, copies of the Complaint, Arrest Warrant, Application and Order for Publication, Notice of Related Cases, Related Case Order, and court notices were served on Akrum Alrahib's attorney Quin Denvir and Elaine Alrahib's attorney Clyde Blackmon, by certified mail. The above-listed documents were also served on JP Morgan Chase Bank, N.A. ("Chase") and Huntington National Bank by certified mail on December 27, 2006. The above-listed documents were personally served on claimant Elaine Alrahib on January 3, 2007, and left at the residence of claimant Akrum Alrahib on January 6, 2007. The documents were also sent to Singh Motorsports by first class mail on January 29, 2007.

5. On or about February 1, 8, and 15, 2007, a Public Notice of Arrest of the defendant assets appeared by publication in the <u>Metropolitan News-Enterprise</u> and on February 8, 15, and 22, 2007 in the <u>Arizona Business Gazette</u>, newspapers of general circulation in the counties in which the defendant assets were seized (Los Angeles and Maricopa). The Proofs of Publication were filed with the Court on March 1 and 23, 2007.

6. Claimant Akrum Alrahib filed a verified claim to the approximately $25,000.00 in U.S. Currency on January 19, 2007. Claimant Elaine Alrahib and Da Bomb Products, Inc. filed a verified

3

claim to the all of the defendant assets except the approximately $25,000.00 in U.S. Currency on January 19, 2007. Claimant Chase filed a verified claim to the defendant 2005 Hummer H2, VIN: 5GRGN23U95H132420, Arizona License No. DABOMB4 on or about February 1, 2007, based on its status as the lienholder on the defendant vehicle. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

    7.  Claimants Akrum Alrahib and Elaine Alrahib represent and warrant that they are the sole owners of the defendant assets, except as provided in ¶ 5 below.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

    1.  The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

    2.  Judgment is hereby entered against claimants Akrum Alrahib, Elaine Alrahib, Da Bomb Products, Inc. and Chase, and all other potential claimants who have not filed claims in this action.

    3.  The following defendant assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law:

        a.  Approximately $239,833.28 in U.S. currency seized from Bank of America Account No. 0046 8999 2535, held in the name of Da Bomb Products, Inc.,

        b.  Approximately $200,000.00 of the $331,462.16 in U.S. currency seized from Washington Mutual Account No. 0355-697509-0, held in the name of Elaine Alrahib,

        c.  Approximately $25,000.00 in U.S. currency,

        d.  Approximately $47,970.00 in U.S. currency seized from

4

1             Safe Deposit Box #3918,

2         e.   2003 Hummer H2, VIN: 5GRGN23U13H131954,
          Arizona License No. DABOMB1, registered to Da
3         Bomb Products,

4         f.   Within thirty (30) days of entry of the Final
          Judgment of Forfeiture in this case, Akrum Alrahib shall
5         pay $5000 to the United States in lieu of forfeiture of
          the defendant 2000 Hummer Golf Cart and the defendant
6         2003 Cargo Trailer, VIN: 1E9BE243X6C350043, License No.
          R54007, and the 2001 Club golf cart, VIN:MG0131044769,
7         ARIZONA LICENSE NO. MCTN9Y.  The $5000 will be
          substituted as the <u>res</u> herein and shall be forfeited to
8         the United States, to be disposed of according to law.
          Upon payment of the $5,000.00, the 2000 Hummer Golf Cart,
9         the 2001 golf cart, and the 2003 Cargo Trailer shall be
          returned to Akrum Alrahib, and
10
          g.   Miscellaneous Da Bomb brand blunt wraps.
11

12      4.   The forfeiture action against the defendant 2005 Hummer

13 H2, VIN: 5GRGN23U95H132420, Arizona License No. DABOMB4, registered

14 to Elaine Alrahib, will be dismissed on the condition that Elaine

15 Alrahib pays reasonable attorney fees not to exceed $500 to the law

16 firm of SOLOMON, GRINDLE, SILVERMAN & SPINELLA, attorneys for

17 claimant/lienholder Chase.  In addition, Elaine Alrhaib must bring

18 all payments current on the vehicle loan.  The payments described

19 in this paragraph must be paid before the vehicle is returned to

20 Elaine Alrahib.  Chase shall remain the legal owner of the vehicle.

21 As of November 7, 2007, the payments on the vehicle loan were

22 current.

23      5.   The following defendant assets shall remain part of

24 this case and remain subject to forfeiture:

25        a.   Approximately $131,462.16 of the $331,462.16 in U.S.
          currency seized from Washington Mutual Account No. 0355-
26        697509-0, held in the name of Elaine Alrahib, and

27        b.   Approximately $1,636.23 in U.S. currency seized from

28
                                    5

1           Washington Mutual Account No. 383 110 239-2, held in the
            name of Elaine Alrahib,

2       c.  Approximately $8,650.00 in U.S. currency,

3       d.  Approximately $160.00 in U.S. currency,

        e.  Approximately $5,468.00 in U.S. currency seized from
            Safe Deposit Box #177-7,

        f.  2005 Ford Expedition, VIN: 1FMFU17585LB07160, Arizona
            License No. DABOMB5, registered to Elaine Alrahib.

   6.   Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure or forfeiture of the defendant assets.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

   7.   Claimants waive any and all claim or right to interest that may have accrued on the above-listed defendant currency being forfeited to the United States.

   8.   Without admitting that the defendant assets are proceeds of mail and wire fraud violations, claimants stipulate that there was reasonable cause for the seizure and arrest of the defendant assets being forfeited to the United States and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

///

///

9. All parties will bear their own costs and attorneys' fees, if any, except as otherwise provided herein.

SO ORDERED THIS 11th day of FEBRUARY, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF REASONABLE CAUSE</u>

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed December 8, 2006, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant assets being forfeited to the United States.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

7