```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723

 5  Attorney for Plaintiff

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,         )  2:06-CV-02783-FCD-KJM
                                      )
12          Plaintiff,                )  STIPULATION AND ORDER FOR
                                      )  SETTLEMENT AND DISMISSAL
13      v.                            )
                                      )
14  APPROXIMATELY $239,833.28 IN U.S. )
    CURRENCY SEIZED FROM BANK OF      )
15  AMERICA ACCOUNT NO. 0046 8999 2535,)
    HELD IN THE NAME OF DA BOMB       )
16  PRODUCTS, INC.,                   )
                                      )
17  APPROXIMATELY $1,636.23 IN U.S.   )
    CURRENCY SEIZED FROM WASHINGTON   )
18  MUTUAL ACCOUNT NO. 383 110 239-2, )
    HELD IN THE NAME OF ELAINE ALRAHIB,)
19                                    )
    APPROXIMATELY $331,462.16 IN U.S. )
20  CURRENCY SEIZED FROM WASHINGTON   )
    MUTUAL ACCOUNT NO. 0355-697509-0, )
21  HELD IN THE NAME OF ELAINE ALRAHIB,)
                                      )
22  APPROXIMATELY $25,000.00 IN U.S.  )
    CURRENCY,                         )
23                                    )
    APPROXIMATELY $8,650.00 IN U.S.   )
24  CURRENCY,                         )
                                      )
25  APPROXIMATELY $160.00 IN U.S.     )
    CURRENCY,                         )
26                                    )
    APPROXIMATELY $5,468.00 IN U.S.   )
27  CURRENCY SEIZED FROM SAFE DEPOSIT )

28                        1
```

| | |
|---|---|
| 1  BOX #177-7, | ) |
| | ) |
| 2  APPROXIMATELY $47,970.00 IN U.S. CURRENCY SEIZED FROM SAFE DEPOSIT | ) ) |
| 3  BOX #3918, | ) |
| | ) |
| 4  2003 HUMMER H2, VIN: 5GRGN23U13H131954, ARIZONA LICENSE | ) ) |
| 5  NO. DABOMB1, REGISTERED TO DA BOMB PRODUCTS, | ) ) |
| 6 | ) |
| | ) |
|    2005 HUMMER H2, VIN: | ) |
| 7  5GRGN23U95H132420, ARIZONA LICENSE NO. DABOMB4, REGISTERED TO ELAINE | ) ) |
| 8  ALRAHIB, | ) |
| | ) |
| 9  2005 FORD EXPEDITION, VIN: 1FMFU17585LB07160, ARIZONA LICENSE | ) ) |
| 10 NO. DABOMB5, REGISTERED TO ELAINE ALRAHIB, | ) ) |
| 11 | ) |
|    2000 HUMMER GOLF CART, | ) |
| 12 | ) |
|    2001 CLUB GOLF CART, VIN: | ) |
| 13 MG0131044769, ARIZONA LICENSE NO. MCTN9Y, | ) ) |
| 14 | ) |
|    2003 CARGO TRAILER, VIN: | ) |
| 15 1E9BE243X6C350043, LICENSE NO. R54007, AND | ) ) |
| 16 | ) |
|    MISCELLANEOUS DA BOMB BRAND | ) |
| 17 BLUNT WRAPS, | ) |
| | ) |
| 18              Defendants. | ) |
| | ) |

It is hereby stipulated by and between plaintiff United States of America and claimants Elaine Alrahib and Da Bomb Products, Inc., as follows:

 1.   This is a civil forfeiture action against the above-captioned assets seized on October 17, 2006, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

 2.   A Complaint for Forfeiture In Rem (hereafter "Complaint") was filed on or about December 8, 2006, seeking the forfeiture of

the defendant assets, alleging that said assets are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

3. On or about December 8, 2006, the Clerk issued a Warrant for Arrest of Articles <u>In Rem</u> for the defendant assets, and that warrant was duly executed on December 22 and 26, 2006, and January 3 and 4, 2007.

4. On or about December 18, 2006, copies of the Complaint, Arrest Warrant, Application and Order for Publication, Notice of Related Cases, Related Case Order, and court notices were served on Akrum Alrahib's attorney Quin Denvir and Elaine Alrahib's attorney Clyde Blackmon, by certified mail. The above-listed documents were also served on Chase and Huntington National Bank by certified mail on December 27, 2006. The above-listed documents were personally served on claimant Elaine Alrahib on January 3, 2007, and left at the residence of claimant Akrum Alrahib on January 6, 2007. The documents were also sent to Singh Motorsports by first class mail on January 29, 2007.

5. On or about February 1, 8, and 15, 2007, a Public Notice of Arrest of the defendant assets appeared by publication in the <u>Metropolitan News-Enterprise</u> and on February 8, 15, and 22, 2007 in the <u>Arizona Business Gazette</u>, newspapers of general circulation in the counties in which the defendant assets were seized (Los Angeles and Maricopa). The Proofs of Publication were filed with the Court on March 1 and 23, 2007.

6. Claimant Akrum Alrahib filed a verified claim to the approximately $25,000.00 in U.S. Currency on January 19, 2007.

Claimant Elaine Alrahib and Da Bomb Products, Inc. filed a verified claim to the all of the defendant assets except the approximately $25,000.00 in U.S. Currency on January 19, 2007. Claimant Chase filed a verified claim to the defendant 2005 Hummer H2, VIN: 5GRGN23U95H132420, Arizona License No. DABOMB4 on or about February 1, 2007, based on its status as the lienholder on the defendant vehicle. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

7. Claimant Elaine Alrahib represents and warrants that she is the sole owner of the remaining defendant assets[1] .

8. The United States' allegations are set forth in its Complaint. Claimant denies the allegations. To avoid the uncertainty and expense of further litigation, the United States and claimants desire to stipulate regarding the remaining defendant assets on the following terms:

    a. The forfeiture action against the following defendant assets shall be dismissed with prejudice, and the defendant assets shall be returned to Claimant Elaine Alrahib within forty-five (45) days from entry of this Order:

        1. Approximately $131,462.16 of the $331,462.16 in U.S. currency seized from Washington Mutual Account No. 0355-697509-0, held in the name of Elaine Alrahib, plus any accrued interest earned on that amount,

        2. Approximately $1,636.23 in U.S. currency seized from Washington Mutual Account No. 383 110 239-2, held in the

---

[1] A Partial Final Judgment of Forfeiture (As to Some But Not All Defendant Assets) was filed on February 12, 2008, forfeiting some assets to the United States, returning some assets, and some assets remained part of this case and remained subject to forfeiture.

4

| | |
|---|---|
| 1 | name of Elaine Alrahib, plus any accrued interest earned, |
| 2 | 3. Approximately $8,650.00 in U.S. currency, plus any accrued interest earned, |
| 3 | |
| 4 | 4. Approximately $160.00 in U.S. currency, plus any accrued interest earned, |
| 5 | 5. Approximately $5,468.00 in U.S. currency seized from Safe Deposit Box #177-7, plus any accrued interest |
| 6 | earned, and |
| 7 | 6. 2005 Ford Expedition, VIN: 1FMFU17585LB07160, Arizona License No. DABOMB5, registered to Elaine Alrahib. |

9. The 2005 Ford Expedition shall be returned, as is, to Claimant Elaine Alrahib. Prior to the return of the 2005 Ford Expedition, Elaine Alrahib shall pay the U.S. Marshals Service all storage and towing expenses related to this vehicle. Upon payment of the storage and towing expenses, the U.S. Marshals Service shall make arrangements with Claimant Elaine Alrahib to return the vehicle.

10. Claimant hereby releases plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest, seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the

|   |   |
|---|---|
| 1 | release, which if known by him must have materially affected his settlement with the debtor. |
| 2 | |

11. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of guilt or criminal culpability on the part of claimants. This settlement is entered into by plaintiff and claimants for the purpose of compromising disputed claims under 18 U.S.C. § 981 and avoiding the expenses and risks of further litigation.

12. Claimant stipulates that there was reasonable cause for the seizure and arrest of the defendant assets and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

13. Claimant Elaine Alrahib represents and warrants that she is authorized by Da Bomb Products, Inc. to execute this stipulation

14. All parties will bear their own costs and attorneys' fees, if any, except as otherwise provided herein.

Date: March 30, 2009                LAWRENCE G. BROWN
                                    Acting United States Attorney


                                    /s/ Kristin S. Door
                                    KRISTIN S. DOOR
                                    Assistant U.S. Attorney



Date: 3/27/09                       /s/ Clyde M. Blackmon
                                    CLYDE M. BLACKMON
                                    Attorney for Claimant Elaine Alrahib
                                    and Da Bomb Products, Inc.

///

///

Date: March 24, 2009         /s/ Elaine Alrahib
                             ELAINE ALRAHIB
                             Claimant, Individually and on behalf
                             of Da Bomb Products, Inc.

                             (Original signatures retained by
                             attorney)

**IT IS SO ORDERED.**

Date: March 30, 2009
                             _____
                             FRANK C. DAMRELL, JR.
                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Settlement and Dismissal filed herein, and the allegations set forth in the Complaint for Forfeiture In Rem filed December 8, 2006, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant assets.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE